# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BELINDA PALMER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) Case No.: CIV-16-206-D |
| | ) |
| XEROX CORPORATION, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, Belinda Palmer, by and through her counsel, Christine C. Vizcaino, OBA #30527, hereby complains against Defendant Xerox Corporation ("Xerox"), as follows:

## NATURE OF CASE

1. Plaintiff alleges a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq* ("Title VII") for sex/gender discrimination, harassment, hostile work environment, and failure to promote. Plaintiff also brings a state law cause of action for a gender discrimination in violation of the Oklahoma Anti-Discrimination Act, *see* 25 O.S. §1101 *et seq*.

2. Plaintiff also alleges claims of illegal retaliation in violation of Title VII and the Oklahoma Anti-Discrimination Act.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. §§1101 *et. seq*.

1

This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

5. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are also sought pursuant to 42 U.S.C. §1981a.

6. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5 and Fed. R. Civ. P. 54.

7. This action properly lies in the District Court for Western District of Oklahoma pursuant to 28 U.S.C. §1391(d), because Defendant operates in this district, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant 42 U.S.C. §2000e-5, because the unlawful employment practice was committed in this judicial district.

**PARTIES**

8. Plaintiff, Belinda Palmer, a female, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of Oklahoma City, Oklahoma.

9. Plaintiff is an employee of Defendant.

10. Defendant Xerox Corporation is a foreign, for-profit corporation registered with the Oklahoma Secretary of State.

11. Plaintiff is formerly employed by Defendant at its Yukon, Oklahoma location.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2014; EEOC Charge Number 564-2014-01347.

13. Plaintiff was issued a notice of right to sue dated December 2, 2015, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice, as such notice was received by Plaintiff's counsel on December 3, 2015.

14. Plaintiff's charges were also filed timely within the 180-day window provided by the Oklahoma Anti-Discrimination Act.

15. Plaintiff has exhausted her administrative remedies under federal and state law.

## GENERAL ALLEGATIONS

16. On or about July 29, 2013, Plaintiff began employment with Defendant, working in customer service.

17. Throughout her employment Plaintiff has performed her job duties satisfactorily.

18. In August 2014, Plaintiff was set to begin training as a supervisor, for which she would receive a promotion, pay raise and commission-based bonuses.

19. Beginning in early 2014, Plaintiff's male supervisor began subjecting Plaintiff and other female co-workers to unwelcome harassment.

20. During the spring and summer of 2014, Plaintiff's supervisor frequently subjected Plaintiff to sexual harassment.

3

21. Sexual remarks made by the supervisor to Plaintiff included, but were not limited to the following:

   a. The supervisor telling Plaintiff to "put your tits up here so I can see them";

   b. The supervisor telling Plaintiff that if she "showed him her tits I will put you in early" on a day on which Plaintiff arrived to work slightly late";

   c. The supervisor walked up to Plaintiff's desk while she was on the phone with a client and told her "God I want to f*** you." The supervisor then began showing her his erect penis and telling Plaintiff that he couldn't be around her because "she makes his d*** hard";

   d. Plaintiff asked her supervisor if he (or anyone else in the department) had any medication for her headache. He replied that if he "came in her mouth it would make her headache go away";

   e. The supervisor frequently asked Plaintiff how big her boyfriend's penis is. He then proceeds to tell Plaintiff that his penis is "short but fat";

   f. The supervisor has told Plaintiff that she is "the sexiest person at Xerox" and told her that he constantly watches her";

   g. The supervisor has walked by Plaintiff's desk and told her to "pull your shirt out so I can see down it";

   h. The supervisor has licked his lips at Plaintiff and said "mmmm, what I could do to you."

22. Plaintiff repeatedly told her supervisor to discontinue such conduct.

4

23. Finally, on July 12, 2014, Plaintiff walked out of the workplace due to her supervisor's comment concerning "cumming in her mouth."

24. A co-worker reported this comment to management.

25. Plaintiff had to return to work the next day due to not being able to afford missing anymore work. She learned that no action had been taken against her supervisor, despite her leaving work early and her co-worker reporting her supervisor's conduct to management.

26. Upon returning to work, Plaintiff's supervisor became openly hostile towards her.

27. This hostile treatment led to Plaintiff leaving work early on July 14th and 15th and leaving work completely on July 16, 2014.

28. On July 22, 2014, Plaintiff made a formal internal complaint concerning her supervisor's conduct towards her. During the process of making this complaint, she learned that multiple other co-workers have made similar complaints.

29. Despite this internal complaint, Defendant did not immediately take action against Plaintiff's supervisor.

30. Eventually, Defendant moved Plaintiff under a different supervisor, but kept her working in the immediate vicinity of the former supervisor, who continued to engage in harassing conduct towards her.

31. Mere days after returning to work following her formal complaint, Plaintiff was informed that she would no longer be receiving training for the promotion

to a supervisory position. Prior to making this complaint, she had been the next employee scheduled to receive the training for this promotion.

32. This failed promotion attempt prevented Plaintiff from earning higher wages and commission-based bonuses.

33. Almost immediately after learning of the failed promotion attempt, Operations Manager Crystal Ramirez approached Plaintiff and told her "I just want to thank you for taking all of this so well."

34. Plaintiff's former supervisor continued to harass and taunt her after the filing of her internal complaint, even openly mocking Plaintiff by telling her co-workers to "be careful what you do, it might be sexual harassment and we can't have that here."

35. Defendant's actions against Plaintiff throughout her employment constituted illegal sexual harassment, gender discrimination and retaliation.

36. Defendant is liable for the illegal actions of the members of management whose illegal conduct is demonstrated throughout this complaint. *See generally Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

37. Plaintiff believes that this treatment was motivated her sex/gender or in retaliation for her opposing the sexual harassment against her, her internal complaint of discrimination/sexual harassment.

38. As a result of Defendant's actions, Plaintiff has sustained loss of promotion, loss of seniority, loss of career path, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

39. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT I

**Discrimination Based Upon Gender/Sex, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the Oklahoma Anti-Discrimination Act, 25 O.S. §1302**

40. Plaintiff reasserts and incorporates by reference paragraphs 1-39 as set forth above as if fully restated herein.

41. Defendant's actions in repeatedly subjecting Plaintiff to illegal sexual harassment, as described above, constitutes discrimination based upon gender/sex, in violation of Title VII and the OADA.

42. These actions also created a hostile work environment, in clear violation of Title VII and the OADA.

43. Defendant's willful and malicious misconduct as described above, in harassing and/or allowing Plaitniff to be harassed based upon her sex/gender are in violation of Title VII and the OADA.

44. Plaintiff's gender was a motivating factor in Defendant's adverse employment-related actions described above, including without limitation: the creation of a hostile work environment, continued harassment and disparate treatment, and ultimately her failed promotion attempt. Defendant violated Plaintiff's civil rights by taking such adverse actions.

45. As a result of Defendant's illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth in paragraphs 38-39, above.

46. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

47. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

**Retaliation for Protected EEOC Activity in Violation of 42 U.S.C. §2000e-3(a) and the Oklahoma Anti-Discrimination Act**

48. Plaintiff reasserts and incorporates by reference paragraphs 1-47 as set forth above as if fully restated herein.

49. 42 U.S.C. §2000e-3(a) makes it illegal to discriminate/retaliate against an " individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

50. Plaintiff clearly opposed the illegal harassment when she rejected the sexual harassment and sexual advances made towards her.

51. Plaintiff also clearly opposed the illegal discrimination and retaliation when she made an internal complaint in late July 2014.

52. Such opposition is clearly protected activity.

53. The actions taken against Plaintiff after her opposition to Defendant's unlawful conduct, including, but not limited to: repeated harassment, removing Plaintiff from her scheduled promotion and continuing to allow her former supervisor to harass her are all clearly retaliatory actions designed to prevent her from exercising her rights under Title VII and the OADA.

54. Defendant's conduct as described above is in clear violation of Title VII and the OADA provisions prohibiting such retaliation and discrimination.

55. As a result of Defendant's illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 38-39, above.

56. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

57. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

**PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Liquidated and punitive damages;

c. Compensatory and consequential damages;

d. Injunctive and/or declaratory relief;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

g. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

h. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

**RESPECTFULLY SUBMITTED THIS 1ST DAY OF MARCH, 2016**.

/s/Christine C. Vizcaino
Christine C. Vizcaino, OBA No. 30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
christine@mazaherilawfirm.com

*Attorney's Lien Claimed*